UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Barbara M. Grenier,

   Plaintiff,

vs.               R E P O R T   A N D
RECOMMENDATION

Social Security Act,

   Defendant.       Civ. No. 05-267 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon a general assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A), and upon the Request of the Plaintiff to Postpone her case at this time. Docket No. 7. For these purposes, the Plaintiff appears pro se, and the Defendant appears by Lonnie F. Bryan, Assistant United States Attorney.[1]

This action was commenced on February 4, 2005, by the filing of a Complaint. A Return of Service was filed, which indicated that the Defendant was served with the

---

[1] The Defendant has not expressed any opposition to the Plaintiff's request, and the time that was allotted for such a response, by our Order dated June 20, 2005, has expired. See, Docket No. 9. Therefore, we will treat the Plaintiff's request as being unopposed.

Summons and Complaint on February 8, 2005.  In the ensuing weeks, no Answer or other responsive pleading was filed on behalf of the Defendant and, on April 19, 2005, we issued an Order directing the Plaintiff to inform the Defendant of its obligation to Answer the Complaint, or to file a Motion for the Entry of Default.  On May 2, 2005, the Plaintiff filed an application for an entry of default, and on June 1, the Government filed a notice of appearance on behalf of the Defendant.

The Plaintiff then filed a submission, which states:

> I Barbara Grenier - [sic] have decided to postpone this case at this time.  Please inform - [sic] the Court and U.S. Attorney Thomas B. Heffelfinger.  Thank you very much.

Docket No. 8.  Unable to discern, from this submission, whether the Plaintiff intended to seek a voluntary dismissal, or to have her case stayed, we issued an Order directing the Plaintiff to provide further clarification on the relief that she intended to pursue through her submission.  See, Docket No. 9.

On June 28, 2005, the Plaintiff submitted a response to our Order, which provided, in part, "I Barbara Grenier Have [sic] decided to dismiss this case, until a later date."  Docket Nos. 10 and 11 [emphasis in original].  The Plaintiff goes on to explain that she has been unable to retain counsel, and that she intends to re-file her case, in the event that counsel can be retained.  Id.  On July 7, 2005, the Plaintiff filed

- 2 -

a second submission, in which she reiterated her intent to dismiss her case, and her inability to obtain the funds necessary to obtain counsel, or to prosecute her action. See, <u>Docket No. 12</u>.

Based on the Plaintiff's submissions, we have construed her request to "postpone" her case at this time, as a Motion for Voluntary Dismissal, under Rule 41(a), Federal Rules of Civil Procedure. Since the Defendant has yet to file an Answer to the Plaintiff's Complaint, or a Motion for Summary Judgment, Rule 41(a)(1) expressly allows for the requested Voluntary Dismissal, even without a Court Order. Therefore, we recommend that the Plaintiff's requested voluntary dismissal be granted, and that her Complaint be dismissed, but without prejudice, as provided in Rule 41(a)(1), Federal Rules of Civil Procedure.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Request to postpone her case [Docket No. 7] be granted.

2.	That the Plaintiff's Complaint be dismissed, but without prejudice, pursuant to Rule 41(a)(1), Federal Rules of Civil Procedure.

Dated: July 14, 2005        s/Raymond L. Erickson
                            Raymond L. Erickson
                            UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 29, 2005**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 29, 2005**, unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.