UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

BARBARA M. GRENIER,

      Plaintiff,

v.                                     **ORDER**
                                        Civil File No. 05-267 (MJD/RLE)

SOCIAL SECURITY ACT,

      Defendant.
_____

Barbara M. Grenier, pro se.

Lonnie F. Bryan, Assistant United States Attorney, Counsel for Defendant.
_____

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson dated July 14, 2005.  The Report and Recommendation recommended interpreting Plaintiff's Request to Postpone this Case [Docket No. 8] as a request for a voluntary dismissal and granting that motion.

Plaintiff has filed an objection to the Report and Recommendation dated July 22, an untitled motion also dated July 22, and a letter dated July 25 requesting that the Court make her case "null and void."

Plaintiff's untitled motion [Docket No. 16] was interpreted by the Clerk's

Office as a Motion for Continuance.  Within the untitled motion, Grenier both states that she would like a continuance and not a voluntary dismissal and that she would like the Court to dismiss her case.  It is clear that Grenier does not want to prosecute this action "until [she] can afford to get an attorney."  The root of the confusion is that Grenier seeks to have her case "dismissed as a <u>Continuance</u> until a later date."  However, this option is not available to the Court.  As the Magistrate Judge explained in his June 20, 2005 Order [Docket No. 9], Grenier can either request that the Court dismiss her case without prejudice, or she can request that her case be stayed.  In her July 25, 2005, submission to the Court, filed after her objection to the Report and Recommendation, Grenier requests that her case be made "null and void."

On August 19, 2005, the Court sent a letter to Grenier providing information regarding the Volunteer Attorney Program and stating that she had thirty days to contact the Program if she would like to have her case reviewed by a volunteer lawyer.  On September 12, the Court received a letter from Grenier that did not address whether she had contacted the Program.  More than thirty days have passed since Grenier received the Court's letter, and Grenier has given no indication to the Court that she has retained counsel.

Based on its review of Grenier's submissions and the fact that she does not request a stay or continuance for a particular period of time, the Court interprets

her request as one for a voluntary dismissal without prejudice. This means that, although this case is removed from the Court's docket, Grenier "may refile the same suit on the same claim . . . within the applicable limitations period." Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001). If, at some time in the future, Grenier is able to retain an attorney or otherwise decides that she wishes to pursue this case on her own and the applicable limitations period does not bar her claim, Grenier can refile her Complaint.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review the Court adopts the Report and Recommendation dated July 14, 2005.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation dated July 14, 2005, [Docket No. 13] is hereby **ADOPTED**.

2. Plaintiff's Request to Postpone this Case [Docket No. 8] is **GRANTED**.

3. Plaintiff's Motion for a Continuance [Docket No. 16] is **DENIED**.

4. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: October 14, 2005         s/ Michael J. Davis
                                Judge Michael J. Davis
                                United States District Court